STATE, EX REL. GRANT G. MARTIN, ATTORNEY GENERAL, RELATOR, V. JOHN J. RYAN ET AL., RESPONDENTS.

FILED JUNE 22, 1912. No. 17,363.

**Municipal Corporations: OFFICERS: ACT EXTENDING TERM: CONSTITUTIONALITY.** The legislation of 1911, amending the charter of South Omaha by providing that the general city election shall be held on the first Tuesday in May, 1913, and that elective city officers shall retain their offices until that time, is not unconstitutional as a legislative appointment of the present incumbents for another year or as being an enactment for the sole purpose of extending their term of office.

ORIGINAL application in *quo warranto* to oust respondents from the office of fire and police commissioner of the city of South Omaha. Objection to jurisdiction. *Objection overruled.*

*Grant G. Martin, Attorney General,* and *George W. Ayres,* for relator.

*H. B. Fleharty* and *Smyth, Smith & Schall, contra.*

ROSE, J.

Respondents are fire and police commissioners of South Omaha, and this is an action in the nature of *quo warranto,* brought originally in this court, to remove them from office under the statutory provision that such officers may be removed for wilful failure to enforce any law which it is made their duty to enforce. Comp. St. 1911, ch. 71, sec. 1a.

Jurisdiction to oust them is now challenged on the ground that the term of office to which the charges of dereliction of duty apply has expired. They insist that the information refers alone to failure to enforce the law during the term which expired April 2, 1912; that under the charges made the statutory power of removal did not extend beyond that date; that the remedy was limited to removal for the remainder of that term; that they cannot be removed, since the term has expired; that they have been elected for another term which they are now serving; that, there being no authority to remove them during the present term, the action should be dismissed.

Is the assertion that respondents are serving a new term well founded? On the first Tuesday in April, 1910, they were elected for the term of two years. In 1911 the legislature amended the charter of South Omaha by providing that the general city election shall be held on the first Tuesday in May, 1913, and that the elective city officers shall retain their offices until that time. Comp. St. 1911, ch. 13, art. II, secs. 13-16; laws 1911, ch. 12. Respondents assert that the amendment was unconstitutional, and that they were elected in 1912 under the charter as it existed prior to the amendment postponing the

city election until 1913. If the amendment is valid, however, there was no legal city election in 1912, and they are still holding office under their election in 1910, and in that event their term has not yet expired.

To sustain the contention that the statute extending the term of office another year is void, respondents rely on *State v. Plasters*, 74 Neb. 652. The rule of law announced in that case was stated in this form: "The legislature cannot appoint county officers, nor by an act solely for that purpose extend the terms of such officers." A casual examination of the amendment of 1911 will show that in passing it the legislature made no attempt whatever to appoint city officers, and that the sole purpose of the act was not to extend their official term. The extending of the term was merely incidental to a long enactment containing important legislation relating to municipal affairs over which the lawmakers had unquestioned legislative power. The authority of the legislature to lengthen the term, where the office is not created by the constitution, is recognized in the case cited, wherein it is said: "The office is not mentioned in the constitution. It is a creature of the statute, and there can, of course, be no doubt that the power that created the office may abolish it, or may change it, including the lengthening of the term of the office itself." It is a mistake to assume that the legislature, by changing the date for holding the election and by providing that the present incumbents shall hold their offices until they can be filled a year later under the new law, appointed respondents. Respondents hold their commissions from the people by whom they were elected. Strictly speaking, they were not elected for two years only, but for two years and until their successors are elected and qualified. When respondents were elected in 1910, their term of office, as fixed by the city charter, was subject to the following provisions of the general election laws: "Every officer elected or appointed for a fixed term shall hold office until his successor is elected, or appointed and qualified, unless the statute under which

he is elected or appointed expressly declares the contrary." Comp. St. 1911, ch. 26, sec. 104. The charter of South Omaha and the general election law in force in 1910 having made respondents' term of office, not two years, but two years and until their successors are elected and qualified, they were not appointed by the legislature to serve a year in addition to their regular term, but are now serving part of the term for which they were elected in 1910. It seems clear that the rule announced in *State v. Plasters*, 74 Neb. 652, does not control the question here presented, and that the attack made on the validity of the amendment of 1911 is unfounded. The objection to jurisdiction is therefore

OVERRULED.